219 F.2d 541
 LEE E. MORRIS, Inc., and Pacific National Fire Insurance Company, Appellants,
v.
UNITED STATES of America, for the Use and Benefit and on behalf of James E. ROBERTS, Appellee.
UNITED STATES of America, for the Use and Benefit and on behalf of James E. ROBERTS, Cross-Appellant,
v.
LEE E. MORRIS, Inc., and Pacific National Fire Insurance Company, Cross-Appellees.
 No. 4988.
 No. 4989.
 United States Court of Appeals, Tenth Circuit.
 February 3, 1955.
 
 Edward T. Lazear, Cheyenne, Wyo. (Loomis, Lazear & Wilson, Cheyenne, Wyo., were with him on the briefs), for appellants and cross-appellees.
 J. Hickey, Cheyenne, Wyo. (Ellery, Gray & Hickey, Cheyenne, Wyo., were with him on the briefs), for appellee and cross-appellant.
 Before PHILLIPS, Chief Judge, BRATTON, Circuit Judge, and VAUGHT, District Judge.
 PHILLIPS, Chief Judge.
 
 
 1
 The United States brought this action on behalf of Roberts against Lee E. Morris, Inc.,[1] and Pacific National Fire Insurance Company[2] under the Miller Act, 40 U.S.C.A. § 270b, to recover a balance alleged to be due under a subcontract entered into between Roberts and Morris.
 
 
 2
 On January 29, 1953, Morris entered into a written contract with the United States to furnish materials and perform the work for the construction and completion of miscellaneous alterations and repairs in the United States Post Office and Court House, in Cheyenne, Wyoming, for the sum of $73,800. On the same date, Morris, as principal, and the Insurance Company, as surety, pursuant to 40 U.S.C.A. § 270a(a) (2), executed and delivered to the United States a bond, conditioned as required by § 270a (a) (2), supra.
 
 
 3
 On April 12, 1953, Roberts and Morris entered into a subcontract, the material portions of which read as follows:
 
 
 4
 "Gentlemen: I hereby propose to furnish all labor and materials, equipment, supervision of labor, & performance of all operations necessary for the proper installation of all work in accordance with U. S. specifications No. C+R-157, dated November 24, 1952, and all drawings noted therein for the sum of $20,000.00.
 
 
 5
 * * * * * *
 
 
 6
 "/s/ James E. Roberts.
 
 
 7
 "Accepted: Lee E. Morris, Inc., Lee E. Morris, Pres.
 
 
 8
 "If cost of marble exceeds $1200.00, the difference will be paid by Gen. Contractor. $1200.00 to be deducted from above agreed price if marble is to be eliminated, and additional plaster work, therefore, be paid by general contractor.
 
 
 9
 "If in event that the cost of the job exceeds the total price agreed on, the difference will be adjusted by the General Contractor.
 
 
 10
 "/s/ Lee E. Morris, Pres."
 
 
 11
 On April 10, 1953, Lee E. Morris, President of Morris, and Roberts entered into preliminary negotiations with respect to the subcontract. Lee E. Morris told Roberts they would have to get together on some type of agreement within a day or two because he was due back in New York. Roberts replied that it would be impossible for him to get prices and arrive at the total cost and submit a subcontract bid in that length of time. Lee E. Morris prepared a subcontract which embraced that portion of the subcontract set out above the signature of James E. Roberts, and submitted it to Roberts on the morning of April 12, 1953. Roberts told Lee E. Morris he was hesitant to sign the contract. Lee E. Morris then told Roberts that if Roberts would take the job, he would guarantee that Roberts would not lose any money. Thereupon, the last two paragraphs were added to the subcontract.
 
 
 12
 Roberts was not advised of the prime contract price.
 
 
 13
 Morris paid Roberts on the subcontract $18,200.03. Recovery was sought of an alleged balance of $17,967.85. Roberts introduced an exhibit which he said represented the total cost of doing the work under the subcontract, which in part read as follows:
 
 
 14
 "Statement of Costs and Credits —
 Post Office

 Remodeling, Cheyenne, Wyo.
 Material $ 7,482.86
 Subcontracts 12,007.26
 Labor 10,812.50
 __________
 Total $30,302.62
 Supervision and Equipment —
 10% 3,030.26
 Personal Time and Labor, 810
 hrs. at $3.50 2,835.00
 __________
 Total $36,167.88
 Total Amount Paid to date by
 Lee E. Morris $18,200.03
 __________
 Amount Due $17,967.85"
 
 
 15
 The trial court found that the phrase "total price agreed on" referred to the sum of $20,000 set out in the first paragraph of the subcontract and that Morris agreed that if the cost of the job exceeded that total price, the difference would be adjusted by Morris; that the cost exceeded the total price agreed on in the amount of $13,137.62. The court disallowed the item of $3,030.26 for supervision and equipment and awarded judgment for $14,937.59, plus interest from July 19, 1953, in the aggregate amount of $14,966.19. From that judgment, Morris has appealed and Roberts has cross-appealed.
 
 
 16
 We are of the opinion that the last paragraph added to the subcontract was ambiguous. That being true, it was proper for the court to consider the preliminary negotiations which led up to the making of the subcontract.[3] Those negotiations clearly showed that the cost of the job which the parties had in mind was the cost under the subcontract and not under the prime contract and that it was the intention of the parties that Morris would pay Roberts the difference between $20,000 and the cost of the work and materials under the subcontract, if that cost exceeded $20,000. The construction adopted by the trial court therefore should be accepted by this court.[4]
 
 
 17
 We are further of the opinion that the court properly denied the items for supervision and equipment. The correctness of that conclusion is the issue raised by the cross-appeal. Supervision is ordinarily compensated for out of profit and is not a specific item of cost. The same is true of equipment used in doing the work. The contract did not contemplate, if the cost exceeded $20,000, that Roberts would make a profit, but rather that he would be compensated for actual loss.
 
 
 18
 The judgment will be affirmed and the costs of the appeal assessed against Morris and the costs of the cross-appeal assessed against Roberts.
 
 
 
 Notes:
 
 
 [1]
 Hereinafter called Morris
 
 
 [2]
 Hereinafter called the Insurance Company
 
 
 [3]
 Union Paving Co. v. United States, 9 Cir., 150 F.2d 390, 394; White Star Bus Line v. People of Puerto Rico, 1 Cir., 75 F.2d 889, 891; Ryan v. Ohmer, 2 Cir., 244 F. 31, 34; United States v. Bethlehem Steel Co., 205 U.S. 105, 118, 27 S.Ct. 450, 51 L.Ed. 731
 
 
 [4]
 Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 178 F. 2d 541, 553